March 4, 2008

Steven P. Kartzman, Esquire
Adam G. Brief, Esquire
Mellinger, Sanders & Kartzman, LLC
101 Gibralter Drive, Suite 2F
Morris Plains, New Jersey 07950
**Attorneys for Plaintiff, Mary McLaughlin**

Michael McLaughlin, Esquire
Wasserman, Jurista & Stolz, P.C.
225 Millburn Avenue - Suite 207 - PO Box 1029
Millburn, New Jersey 07041
**Attorney for Defendant, Albert Russo, Esquire, Chapter 7 Trustee**

Christopher P. Anton, Esquire
Budd Larner
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-2703
**Attorney for Defendant, C. David Forber**

Andrew J. Kelly, Esquire
Kelly & Brennan, P.C.
1800 Route 34, Suite 403
Wall, New Jersey 07719
**Attorney for Defendant, Judith Field, As Successor-in-Interest to Arnold Field**

> Re:  Ian M. Watson McLaughlin
>      Case No. 03-23717
>
>      Mary McLaughlin vs. Albert Russo, Trustee,
>      C. David Forber, and Judith Field,
>      as successor-in-interest to Arnold Field
>
>      Hearing Date: February 25, 2008
>      Document Numbers: 49, 50 & 62

This matter comes before the court on Motions for Summary Judgment by Mary McLaughlin and by the Trustee, and on Cross Motion for Summary Judgment by Mary McLaughlin. The Trustee seeks a judgment that permits him to retain certain funds held in escrow following the sale of certain real property. Mary McLaughlin's motions seek a determination that David Forber and Arnold Field[1] lack standing in this adversary proceeding and that this court had subject matter jurisdiction to avoid their liens and decide entitlement to the escrowed funds. Mary Mc Laughlin's cross motion seeks an order directing the Trustee to turnover the escrowed funds.

## Undisputed Facts

Mary McLaughlin is the former spouse of the Debtor, Ian M. Watson McLaughlin. Prior to their divorce, the McLaughlins held title to vacant land at 60 Highland Avenue, Peapack-Gladstone, New Jersey as tenants by the entirety. On October 15, 2002, Arnold Field ("Field") obtained a Judgment By Default against Ian McLaughlin in the Superior Court of New Jersey, in the amount of $1,166,615.85, plus costs. On November 21, 2002, C. David Forber ("Forber") obtained a Judgment against Mr. McLaughlin in the Superior Court of New Jersey, in the amount of $247,064.18, plus costs. On April 4, 2003, Mr. Field obtained a Restraining Order from the Superior Court prohibiting any transfer of real property from Ian M. Watson McLaughlin to Mary McLaughlin, including the properties at 60 and 61 Highland Avenue, even if such transfer were in the context of a property settlement agreement.

On April 15, 2003, Judge Dilts of the Superior Court approved a Property Settlement Agreement (the "PSA") and entered a Judgment of Divorce . At that hearing, Judge Dilts denied

---

[1] Mr. Field's decedent estate has assumed his position in this litigation. All references to Mr. Field include his decedent estate.

Fields' motion to intervene in the matrimonial proceedings:

> My decision today is to deny the request and Order To Show Cause but that denial is without prejudice. I have to explain a bit further. Let me begin by saying that today I take notice of Judge Donato's Order of April 4th and counsel's -- counsel for the parties -- acknowledgment under the terms of that Order, and Mr. and Mrs. McLaughlin may not sign any deed or take any action to implement the terms of the property settlement agreement without leave of the court, that is Judge Donato, under the terms of the April 4th Order and that is the basis on which I am denying leave to intervene. Mrs. McLaughlin has already intervened in that matter, submitted to the jurisdiction of that Court with respect to this judgment.

Shortly thereafter, on April 25, 2003, Mr. McLaughlin filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. At the time the petition was filed, Ian McLaughlin had been ordered to deliver a quitclaim deed to Mary McLaughlin, but had not yet done so. Accordingly, his name remained on the deed as of the date of he filed his Bankruptcy petition.

On June 5, 2003, Mr. McLaughlin as Debtor in possession filed a Motion to Permit Sale of Real Property Out of Ordinary Course of Business, returnable July 15, 2003. The proposed Order submitted with the Motion was styled "Order Permitting Debtor-In-Possession to Convey Real Property Free and Clear of Judicial Liens." The proposed Ordered specified certain relief that included provisions that would authorize the Debtor to convey his interest in real property at 60 and 61 Highland Avenue, free and clear of judicial liens of Arnold Field, Lerman Sanders Realty Corp. and David C. Forber. In the meantime, Messrs. Field and Forber filed separate motions to convert the case or appoint a Chapter 11 Trustee. On July 16, 2003, this Court denied the Debtor's sale motion, and ordered the case converted to a Chapter 7. The US Trustee appointed Albert Russo as the Chapter 7 Trustee on the same date.

**Albert Russo, Trustee vs. Ian McLaughlin, Mary McLaughlin, Adv. Pro. No. 03-02930:**

On December 16, 2003, the Trustee filed a complaint against Ian McLaughlin and Mary McLaughlin, Adv. Pro. No. 03-02930 seeking to set aside as a fraudulent transfer the April 15, 2003 PSA. By Order dated May 12, 2004, the Court authorized the Trustee to sell the 60 Highland Ave property formerly owned by Ian and Mary McLaughlin to the Somerset County Improvement Authority for the sum of $1.3 million pursuant to 11 U.S.C. §363(b) and (f). The first paragraph of the Order Approving the Sale provided that the sale shall be free and clear of any liens, claims or encumbrances with valid liens, if any, to attach to the proceeds of sale subject to further Order of the Bankruptcy Court. The May 12, 2004 Order provided that Mary McLaughlin was to receive 50% of the net proceeds of the property at closing, with the remaining 50% to be held in escrow until "further order of the court or agreement of the parties." The parties have not reached an agreement on how to distribute the proceeds, nor has an order issued from the Bankruptcy Court or any other court determining the priorities of the parties' claims directing a distribution of the escrowed proceeds.

On December 22, 2005, this Court issued an Opinion in the Trustee's fraudulent transfer action in favor of Mary McLaughlin. The court's opinion did not address the competing claims to the escrowed funds. Nonetheless, Ms. McLaughlin's counsel submitted a proposed form of order directing turnover of the escrowed proceeds to her. Messrs. Field and Forber, through counsel, objected to the form of order proposed. On January 20, 2006, this Court entered an Order denying the relief requested in the Trustee's Complaint, but expressly struck proposed language requiring turnover.

On January 27, 2006, the Trustee filed a Notice of Appeal from the January 20, 2006 Order.

By Opinion and Order dated December 20, 2006, the District Court affirmed the Bankruptcy Court's Order. On January 23, 2007, the Trustee appealed the District Court's Order to the United States Court of Appeals for the Third Circuit. After the conclusion of two mediation sessions that did not resolve the issues on appeal, the case appeal was dismissed by consent of the parties by Order of the Third Circuit Court of Appeals dated August 21, 2007.

### Ian M. Watson McLaughlin, Albert Russo, Chapter 7 Trustee vs. Arnold Field, Lerman Sanders Realty Corp., and David C. Forber, Adversary 03-1957

Just prior to the appointment of the Trustee, Ian McLaughlin had initiated an adversary proceeding against Arnold Field, Lerman Sanders Realty Corp., and David C. Forber, Adversary 03-1957, challenging the extent and validity of the their liens against both the 60 and 61 Highland Ave properties. The Trustee informally substituted in as plaintiff after his appointment. The parties filed motions and cross motions for summary judgment. On May 24, 2004, after extensive analysis of perfection and levy under state law, this Court entered an Order granting summary judgment in favor of the Trustee pursuant to 11 U.S.C. §544(a), providing that the Trustee's interest superceded the judgment liens of creditors Field and Forber, and that the judgment liens against both the 60 and 61 Highland Ave properties could be avoided as to the Trustee. Neither Mr. Field nor Mr. Forber appealed that Order. On June 15, 2004, this Court entered a Final Judgment By Default Against Lerman Sanders Realty Corp. similarly avoiding that lien. In September 2006, after the case had been closed for over 20 months, Messrs. Field and Forber filed motions to vacate and void the May 24 Order. The Court subsequently denied those motions.

### Current Proceeding, Adv # 06-02088

On July 16, 2006, Mary McLaughlin filed this adversary proceeding against the Trustee seeking a turnover of funds held by the Trustee, and claiming that the estate did not have any interest

in the property. This court denied her motion for summary judgment on October 16, 2006, and also entered an Order allowing the intervention of C. David Forber. On June 15, 2007, Mary McLaughlin filed an Amended Complaint asserting that she is the rightful owner of the proceeds from the sale of a vacant lot located at 60 Highland Avenue. She contends that she owns the Proceeds from the Lot and the Property free and clear of the Field and Forber liens.

The current motion for partial summary judgment has been filed by Mary McLaughlin seeking declarations that (I) Mr. Forber and Mr. Field lack standing to participate in the adversary proceeding; (ii) that the Court had subject matter jurisdiction to avoid Field and Forber's judgment liens; and (iii) that the Court has subject matter jurisdiction over the claims asserted in this adversary proceeding.

Mr. Forber contends that this Court improvidently voided judgment liens on real property that Mary McLaughlin claims was never a property of the estate. Mr. Forber states that he has not consented to this Court's jurisdiction to resolve any inter-creditor disputes between himself and Mary McLaughlin over non-estate property. Mr. Forber requests that the funds be held in escrow or deposited with the Clerk of the Superior Court pending a determination by that Court on the parties' rights. Mr. Forber contends that he has standing to participate in this adversary proceeding because his interests differ from those of the Trustee.

Ms. Field argues that if Mary McLaughlin is determined to be the rightful owner of the property, then the lien avoidance obtained by the Trustee has no real effect because the property was not part of the estate and this dispute should be rightly resolved in the New Jersey Superior Court. Alternatively, Ms. Fields contends that the proceeds are a part of the estate, in which case, the Trustee stands ahead of Mary McLaughlin.

The Trustee has filed a motion for summary judgement seeking declaratory judgment awarding the entire escrow to the Trustee. Mary McLaughlin has filed a cross motion for summary judgment seeking an award of the entire escrow to her.

**Opinion**

"[S]ummary judgment is appropriate only when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). The party moving for summary judgment has the burden of establishing the nonexistence of any "genuine issues of material fact." Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment should not be granted if a reasonable jury based on that evidence could return a verdict for the nonmoving party. In re CitX Corp., Inc., 448 F.3d 672 (3d Cir. 2006); Tran v. Metropolitan Life Ins. Co., 408 F.3d 130, 135 (3d Cir. 2005).

While the moving party bears the burden of proving that there is no issue of material fact, once shown that burden switches to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Facts that could alter the outcome are material and disputes are material if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct. Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n. 1 (Fed. Cir. 1995).

These standards apply to each of the counts presently before the court. As should be evident from the above recitation, the relevant facts are largely documentary and are all undisputed.

**Ownership of the Proceeds**

The first question logically presented is whether the escrowed funds are or were ever property of the estate. Section 541(a)(1) defines property of the estate to include all legal or

equitable interest of the debtor in property as of commencement of the case. However, 541(d) provides that property in which the Debtor holds only bare legal title as of the petition date becomes property of the estate only to the extent of that legal title. "The estate succeeds to only such title and rights in the property as the debtor had at the time the petition was filed." In re N.S. Garrott & Sons, 772 F.2d 462, 467 (8th Cir. 1985)(*citing* Georgia Pacific Corp. v. Sigma Service Corp., 712 F.2d 962, 968 (5th Cir.1983)). "Despite the expansive language of § 541(a), § 541(d) provides that 'property in which the debtor holds as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.' " In re DeLauro, 207 B.R. 412, 416 (Bankr. D.N.J.1997); *See* 11 U.S.C. § 541(d).

In this instance, Ian McLaughlin filed his petition on April 25, 2003, ten days after the Superior court approved the PSA directing him to transfer ownership of the property via quitclaim deed. "...[I]f a divorce judgment transfers a debtor's equitable interest, albeit not his legal interest, in the marital property prior to his filing for bankruptcy, the nature and extent of his interest in property is determined by the divorce judgment and the property should not be viewed as part of the bankruptcy estate." Id. (*citing* Resare v. Resare, 154 B.R. 399, 401 (D.R.I.1993) (declaring that the portion of the debtor's pension that was transferred in the divorce decree was not considered part of bankruptcy estate); In re Zick, 123 B.R. 825, 829 (Bankr.E.D.Wis.1990) (awarding ex-wife a portion of pension fund which had been transferred in divorce settlement); and In re Boyer, 104 B.R. 497, 499 (Bankr.S.D.Fla.1989) (holding that funds awarded in divorce decree to non-debtor spouse were not property of estate)). Since Ian McLaughlin, at best, only held bare legal title to the property, pursuant to 541(a) and (d), the equitable interests in the property were never a part of the estate.

Additionally, in a prior adversary proceeding, this Court ruled that the PSA did not result in a fraudulent transfer. On appeal, the District Court affirmed that the PSA did not result in a fraudulent transfer. Pursuant to the PSA, Mary McLaughlin received Ian McLaughlin's one-half interest in the Property. Since Mary McLaughlin owned the other half already, the PSA made the entire Property hers. Therefore, again, the Property was never a part of the estate. While this can be clearly stated now, it was difficult to do so earlier, in light of multiple adversary proceedings going on simultaneously as well as the appeal to the District Court.

Nonetheless, the Trustee argues, the estate is entitled to turnover of the escrowed funds because if Mary McLaughlin were to receive the proceeds of the sale of the property, she would benefit at the expense of the bankruptcy estate and the non-judgment creditors. She would in fact, he argues, receive more than she would have received had she sold the property herself. That is almost certainly true. If Mary McLaughlin or Ian McLaughlin had sold the property themselves, outside of the protection of the Bankruptcy court, the property would have been subject to the judgment liens held by Messrs. Forber and Fields. It was only because a Trustee sold the property and because a Trustee can avoid unperfected judgment liens that the property could be sold free and clear of liens and enable the estate to receive more than the McLaughlins would have.

It does not automatically follow, however, that the escrowed funds should be remitted to the estate. The Trustee does not provide any reason that the escrowed funds are a property of the estate other than the argument that turnover to Ms. McLaughlin would provide her with a windfall. The argument that the potential for windfall justifies substituting the estate in for the position of the lienholders is unsupported both precedentially and logically. In fact, such an outcome would simply result in a reverse windfall, with the estate picking up an interest that did not exist as of the date of

filing and benefitting at the expense of the two lienholders. The Trustee simply does not provide any persuasive argument that the proceeds belong to the estate. In order for the Court to award turnover of the funds to the Trustee, it would have to find that the funds represented the value of the Debtor's interest in the property, that is, the bare legal title. No such showing has been made. None can be inferred from the undisputed facts.

The Trustee additionally argues that the estate retains a position in the escrowed funds because this court avoided the Field and Forber liens. The order avoiding the liens was quite specific:

> [t]he judgment liens of creditors Fober and Field against the Debtor's real property at 60 and 61 Highland Ave...are determined to be unperfected **as against the Chapter 7 Trustee Albert Russo, who holds a superior interest pursuant to 11 U.S.C. § 544(a).** (emphasis added)

It is difficult to see how that finding can be said to void liens other than as to the Chapter 7 Trustee. It is true that the order also says that the "judgments liens held by creditors Field and Forber ...are invalid under N.J.S A. 2A:17-1 and 11 U.S.C. § 544 and do not constitute perfected secured liens." While the language referencing the state arguably suggests that the order purported to avoid the liens for non Bankruptcy purposes, the inclusion of 544 in that sentence nullifies any such inference.

Section 551 is only applicable where a lien was avoided under § 544. It provides:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

However, "...§ 541, and not § 544, defines the estate's interest in property." In re Viet Vu, 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000). Since the Court has already found that the Property was not part of the estate under § 541, § 544 is no longer applicable, and therefore, neither is § 551.

10

Given that the property has now been determined as falling outside the definition of property of the estate, the lien holders, Messrs. Forber and Field are free to litigate their claims against Ms. McLaughlin in state court. The order avoiding their liens was expressly limited to the position of the Trustee, as it must have been under the statute. The Superior Court can do what it will with this court's analysis of state law, but this court has only avoided the liens based on a Trustee's interest that was a chimera. The appropriate forum for resolution of a dispute between and among non-Debtor parties, where this court has only ruled based on a later nullified estate interest, is the state court.

The Trustee is directed to turnover the funds to Ms. McLaughlin's counsel, who is directed to hold the funds in escrow until the state court litigation is completed. Messrs. Forber and Field are free to assert their lien claims in state court.

Mary McLaughlin's motion for summary judgment seeking declarations that (I) Mr Forber and Mr. Field lack standing to participate in the adversary proceeding; (ii) that the Court had subject matter jurisdiction to avoid Field and Forber's judgment liens; and (iii) that the Court has subject matter jurisdiction over the claims asserted in this adversary proceeding will be denied with the standard order.

The Trustee's motion for summary judgment seeking declarations that the Trustee on behalf of the Estate has a priority over Mary McLaughlin and the judgment creditors and shall retain the $600,000.00 escrow fund, plus all accrued interest deriving from the sale of 60 Highland Avenue, Peapack-Gladstone, New Jersey will similarly be denied with the standard order.

Mary McLaughlin's cross motion for summary judgment seeking turnover of the Proceeds from the sale of the Lot, and a declaration that she is the sole owner of the Proceeds free and clear

of any interest of Albert Russo, Trustee (the "Trustee") is granted in so far as this court will order turnover of the escrowed funds to her counsel, but denied in so far as it seeks a declaration that she is the sole owner of the Proceeds free and clear of any interest of Messrs. Forber and Field. Counsel for Mary McLaughlin to submit a form of order in accordance with this portion of the opinion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge